LORAINE DEVELOPMENT CO. v. GENERAL ELECTRIC CO.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 113.

1. PATENTS (§ 178*)—CONSTRUCTION AND SCOPE—LIMITATION BY CLAIMS.
    A patent does not cover all the inventive conceptions the patentee may have had when he procured it, but only such a device, with reasonable equivalents of elements, as he described and claimed.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 254½; Dec. Dig. § 178.*]

2. PATENTS (§ 328*)—INFRINGEMENT—ARC LAMP GLOBE.
    The Carbone patent No. 975,935, for an arc lamp globe, claims 1 and 3, which describe the globe as "divided into a plurality of superposed chambers by suitable configuration of the walls," is not infringed by a globe in which the glass portion surrounding the arc is not divided into chambers at all by its configuration, but is shaped like an inverted cone, with straight walls.

Appeal from the District Court of the United States for the Northern District of New York; George W. Ray, Judge.

Suit in equity by the Loraine Development Company against the General Electric Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 198 Fed. 100.

This cause comes here upon appeal from a decree dismissing complainant's bill. The suit was the usual one in equity for alleged infringement of United States patent No. 975,935, granted November 15, 1910, to T. L. Carbone, for an arc lamp. The claims in controversy are the first and third. In the District Court the cause was decided on the question of infringement solely; it being held that there were such limitations included in these two claims that they could not cover the particular device of defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

C. P. Goepel, of New York City, and W. G. Van Loon and Theo. H. Swift, both of Albany, N. Y., for complainant.

Albert G. Davis, of Schenectady, N. Y. (W. K. Richardson and A. D. Salinger, both of New York City, of counsel), for the defendant.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Judge Ray's opinion quotes so fully from the specifications, and sets forth so clearly the character of Carbone's improvement, that a very brief statement is all that is here required. Flaring arc lights are burned in globes, and the products of combustion are liable to form deposits on the globe, and thus obscure the light. It is desirable to so regulate these deposits that they will form either above or below the zone through which light is emitted, or both above and below such zone. In the prior art a circulatory system was devised, whereby the vapors passed into the upper portion of the globe (usually of metal), and were then brought down through outside ducts to be returned to the lower portion of the arc space. This system had defects which the patentee points out. He says that he dispenses with the ducts, "reducing the whole structure to a single globe or inclosure, which is provided with a plurality of chambers suitably connected." He so arranges his device that the heat adjacent to the arc would be sufficient to prevent the deposit of the fumes in the zone through which light is emitted. The gases rising around the upper electrode are cooled in the upper chamber and deposit there; around the lower electrode suspended particles fall into the lower chamber.

The two claims involved are as follows:

"1. An arc lamp globe specially adapted for impregnated carbons, and divided into a plurality of superposed chambers by suitable configuration of the walls, the middle chamber having a transparent wall surrounding the arc closely for preventing the gases produced by the arc from condensing on said walls."

"3. An arc lamp globe specially adapted to the use of impregnated carbons, and divided into a plurality of superposed chambers by suitable configuration of the walls, the walls of the middle chamber surrounding the arc as closely as possible, the said walls consisting partly of glass and partly of metal."

The defendant's structure has two chambers only, a metal chamber above and below a single glass chamber shaped like an inverted cone.

[1] Carbone's patent does not cover all the inventive conceptions he may have had when he procured it, but only such a device (with reasonable equivalents of elements) as he described and claimed. The patent states that:

"One embodiment of the invention * * * has three * * * chambers one above the other, the middle chamber being transparent and containing the arc."

[2] The object is stated to be to separate in some way the spaces in which deposits are formed from the spaces which are to be kept clear for emitting light. As a means for securing a clear line of demarcation of the deposits and preventing their encroachment upon the transparent light-emitting wall, he states that a change of angle or inclina-

tion of the wall with respect to the arc is found effective, and an inner ridge or contraction will accomplish this result. He then says:

"A clear line of demarcation is not in all cases necessary and any means of confining to a greater or less extent the deposits will fulfill the conditions; the necessary feature being an organization whereby the phenomenon of diffusion operates to carry the vapors produced by the arc away from the light-emitting wall before they are condensed and the oxids deposited."

This somewhat broad statement might possibly indicate that Carbone had in mind something other than a plurality of chambers for securing a somewhat irregular, but still efficient, line of demarcation. But immediately after the quotation just given we find the following:

"The *present invention* consists in providing a separate chamber for the arc by forming a series of contractions in the globe, so that it is divided into several superposed chambers."

When this statement is followed by six claims, in four of which the globe is said to be "divided into three superposed chambers by suitable contractions in the walls," and in the other two of which (those sued upon) it is said to be "divided into a plurality of superposed chambers by suitable configuration of the walls, the middle chamber having a transparent wall surrounding the arc," by no possibility of construction can it be held to cover a globe divided only into two chambers by configuration of the walls, and in which that part of the globe surrounding the arc is not divided into chambers at all by any such configuration, or by "change of angle" of wall or "change of inclination" of wall, or by "inner ridge" or "contraction."

We fully concur with Judge Ray in the conclusion that claims 1 and 3 are not infringed.

Decree affirmed, with costs.